UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

RICHARD M. LEWISTON,

        Debtor.
_____/

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

        Plaintiffs,

vs.

RICHARD M. LEWISTON,

        Defendant.
_____/

Adv. Pro. No. 12-06003

## JOINT MOTION OF PLAINITFFS AND CHAPTER 7 TRUSTEE
## TO CONSOLIDATE ADVERSARY AND RELATED PROCEEDINGS
## FOR PURPOSES OF DISCOVERY AND TRIAL

NOW COME Plaintiffs and Nominal Defendant, Chapter 7 Trustee Gene R. Kohut, by and through their respective counsel, and, in support of their Motion to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial, state as follows.

1. Adversary Proceeding Nos. 12-06003, 12-06004, 12-06006, 12-06010 and 13-04450 and *Kohut v. Apartments at Cambridge Company, L.L.C.* (Case No. 2:13-cv-11790-GER-LJM in the U.S. District Court for the Eastern District of Michigan, Southern Division, before the Honorable Gerald E. Rosen, which has been referred to this Court for all pretrial proceedings and for the submission of proposed findings of fact and conclusions of law) should be consolidated.

2. Consolidation of the foregoing proceedings for purposes of discovery and trial will minimize the expenses of discovery and litigation by avoiding duplicitous discovery and motion practice as well as multiple trials on related facts and legal issues. Furthermore, consolidation will promote judicial economy and ensure that the Court's rulings in connection with the proceedings are uniform and consistent.

3. Consolidation is authorized pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16.

4. Counsel for the Trustee sought concurrence in the relief requested from counsel for the Debtor on July 3, 2012 and concurrence was denied.

5. This Joint Motion is further supported by an accompanying Joint Brief in Support.

WHEREFORE, Plaintiffs and the Chapter 7 Trustee respectfully request that this Honorable Court issue an order consolidating, for purposes of discovery and trial, Adversary Proceeding Nos. 12-06003, 12-06004, 12-06006, 12-06010, and 13-04450 and *Kohut v. Apartments at Cambridge Company, L.L.C.*. A proposed order is attached as an exhibit to the

accompanying Joint Brief in Support of this Motion.

Respectfully Submitted,

| | |
|---|---|
| WOLFSON BOLTON PLLC | MORGANROTH & MORGANROTH, PLLC |
| By: /s/ Scott A. Wolfson | By: /s/ Daniel E. Harold |
| SCOTT A. WOLFSON (P53194) | MAYER MORGANROTH (P17966) |
| ANTHONY J. KOCHIS (P72020) | DANIEL E. HAROLD (P61841) |
| Counsel for Chapter 7 Trustee | Counsel for Plaintiffs |
| 3150 Livernois, Suite 275 | 344 North Old Woodward Avenue, Suite 200 |
| Troy, MI 48083 | Birmingham, Michigan 48009 |
| (248) 247-7105 | (248) 864-4000 |
| swolfson@wolfsonbolton.com | dharold@morganrothlaw.com |

Dated: July 12, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

RICHARD M. LEWISTON,

        Debtor.
_____/

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

        Plaintiffs,

vs.

RICHARD M. LEWISTON,

        Defendant.
_____/

Adv. Pro. No. 12-06003

**BRIEF IN SUPPORT OF JOINT MOTION OF PLAINITFFS AND CHAPTER 7
TRUSTEE TO CONSOLIDATE ADVERSARY AND RELATED PROCEEDINGS FOR
<u>PURPOSES OF DISCOVERY AND TRIAL</u>**

# PRELIMINARY STATEMENT[1]

Debtor, Richard Martin Lewiston ("Lewiston"), filed his Voluntary Petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*)[2] on August 13, 2012. (Dkt. No. 1 in Case No. 09-58599).

Apartments at Cambridge Company, L.L.C., APTCAM, L.L.C., CAMAPT, L.L.C., Asa Shapiro Declaration of Trust, Mickey Shapiro Trust, ILA I, L.L.C., ILA II, L.L.C., Richards-Pitt, L.L.C., Gregory Richards CS Trust, Gregory Richards Marital Trust, Daniel Smith, Richard Smith and Joanne Purther, Kevin Spizizen, Kevin Spizizen Declaration of Trust, Neil Spizizen, Neil Spizizen Revocable Living Trust and Nick Balberman (collectively, the "Plaintiffs") allege that they are creditors of Lewiston who were investors in numerous real estate companies that were managed by Lewiston.[3]

Plaintiffs have filed Proofs of Claim in an aggregate amount exceeding $40 million. In addition, Plaintiffs maintain four adversary proceedings (the "Non-Discharge Adversary Proceedings") against Lewiston: one pursuant to Section 727 (Adv. Proc. No. 12-06010) and three pursuant to Section 523 (Adv. Proc. Nos. 12-06003, 12-06004, 12-06006).

The Non-Discharge Adversary Proceeding pursuant to Section 727 is brought by all of the Plaintiffs and alleges, *inter alia*, that Lewiston has failed to account for assets, concealed

---

[1] While the Plaintiffs and the Chapter 7 Trustee concur in the relief requested in the Motion, neither the Chapter 7 Trustee nor the Plaintiffs – by the Motion, this Brief, or otherwise – are conceding the merits of any of the allegations in the proceedings they seek to consolidate.

[2] References to the Bankruptcy Code are to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as amended, and will hereinafter be referred to as "Section ____".

[3] The lone exception is Plaintiff, Apartments at Cambridge Company, L.L.C. ("Apartments at Cambridge"), which is not an investor in any real estate company, but is a real estate company managed by Lewiston.

2

assets from the Court, and set forth claims for nonexistent accounts receivable. The Non-Discharge Adversary Proceedings pursuant to Section 523 allege, *inter alia*, that Lewiston diverted millions of dollars from the real estate companies that he managed for his and his family's own benefit.

The Plaintiffs in the Non-Discharge Adversary Proceedings pursuant to Section 523 are as follows. Apartments at Cambridge, APTCAM, L.L.C., CAMAPT, L.L.C., Asa Shapiro Declaration of Trust, Mickey Shapiro Trust, ILA I, L.L.C. and ILA II, L.L.C. (collectively, the "Shapiro Plaintiffs") are the Plaintiffs in Adversary Proceeding No. 12-06003. Richards-Pitt, L.L.C., Gregory Richards CS Trust, Gregory Richards Marital Trust (collectively, the "Pitt Plaintiffs") are the Plaintiffs in Adversary Proceeding No. 12-06004. Daniel Smith, Richard Smith and Joanne Purther (the "Smith Plaintiffs") are the Plaintiffs in Adversary Proceeding No. 12-06006.

As it relates to the instant motion, the Shapiro Plaintiffs, Smith Plaintiffs, Pitt Plaintiffs and remaining Plaintiffs allege that they maintain ownership interests in some the same real estate companies from which they allege that Lewiston diverted funds and/or has claimed nonexistent accounts receivable.

On January 28, 2013, Plaintiffs and Lewiston appeared before the Court for a Scheduling Conference as to each of the Non-Discharge Adversary Proceedings. Although Plaintiffs sought to consolidate the Non-Discharge Adversary Proceedings, Lewiston did not consent to consolidation, which resulted in the separation of discovery and the scheduling of four separate trials for each of the Non-Discharge Adversary Proceedings.

On April 22, 2013, the Trustee filed Motions to Intervene in each of the Non-Discharge Adversary Proceedings alleging, *inter alia*, that Lewiston was claiming approximately $10.5

3

million in accounts receivable as part of the bankruptcy estate, and that Plaintiffs' Proofs of Claim and Non-Discharge Adversary Proceedings could affect the alleged estate assets.

Also on April 22, 2013, the Trustee objected to each of the Plaintiffs' Proofs of Claim through the following: (1) a First Amended Complaint/adversary proceeding objecting to the Smith Plaintiffs' Proofs of Claim (Adv. Proc. No. 13-04450, the "Kohut/Smith Adversary Proceeding," collectively with the Non-Discharge Adversary Proceedings, the "Adversary Proceedings"); (2) an Objection to Richard-Pitt, L.L.C.'s Proof of Claim; and (3) an Omnibus Objection to the remaining Plaintiffs' Proofs of Claim.

In addition, on April 22, 2013, the Trustee commenced a lawsuit against Apartments at Cambridge in the U.S. District Court for the Eastern District of Michigan, Southern Division, Case No. 2:13-cv-11790-GER-LJM before the Honorable Gerald E. Rosen (the "Apartments at Cambridge Action") alleging, *inter alia*, that an account receivable of approximately $4.8 million is owed to Lewiston's bankruptcy estate by Apartments at Cambridge.

On June 12, 2013, the Court presided over oral argument on the Trustee's Motions to Intervene and granted the Motions. Noting the commonality of issues in the Non-Discharge Adversary Proceedings, the Court Order in each Non-Discharge Adversary Proceeding provides that "the parties to this adversary proceeding are directed to meet and confer to discuss avenues to conduct this litigation, the related contested matters, adversary proceedings, and the [Apartments at Cambridge Action], efficiently and without duplication of discovery."

On June 17, 2013, the Court held a Scheduling Conference in the Kohut/Smith Adversary Proceeding and issued a Scheduling Order consistent with the Report of Parties' Rule 26(f) Conference consolidating the trial with the trial in the Smith Plaintiffs' Non-Discharge Adversary Proceeding.

4

On June 21, 2013, the Court presided over oral argument on the Trustee's Objections to the non-Smith Plaintiffs' Proofs of Claim. The Court overruled the Objections stating that the Trustee had already been added as a nominal Defendant to the Non-Discharge Adversary Proceedings, in which the nature and extent of Plaintiffs' claims, if any, will be determined.

Following oral argument, the parties, including Lewiston's counsel, held an initial conference in the Courthouse to discuss avenues to conduct the Adversary Proceedings, the related contested matters, and the Apartments at Cambridge Action efficiently and without duplication of discovery. Thereafter, following the Stipulation of the Trustee and Apartments at Cambridge, a Stipulated Order was entered on June 26, 2013 by Judge Rosen in the Apartments at Cambridge Action referring that Action to this Court for all pre-trial proceedings and to submit to Judge Rosen proposed findings of fact and conclusions of law.

In light of the foregoing procedural history and the commonality of underlying facts and issues, Plaintiffs and the Trustee seek to consolidate the Adversary Proceedings and the Apartments at Cambridge Action for the sake of judicial economy and to ensure a uniformity of ruling in connection with these pending matters.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE ALL OF THE ADVERSARY AND RELATED PROCEEDINGS INVOLVING PLAINTIFFS, LEWISTON, AND THE TRUSTEE.

Federal Rule of Bankruptcy Procedure 7016 provides that Federal Rule of Civil Procedure 16 applies in adversary proceedings. *See* Fed. R. Bankr. P. 7016; Fed. R. Civ. P. 16. Rule 16 provides the courts with broad discretion to manage the schedule by which litigation takes place. *See* Fed. R. Civ. P. 16.

Without delving deeply into each party's respective positions, the claims and defenses in

5

the Adversary Proceedings and in Apartments at Cambridge Action all involve common underlying facts and issues. Therefore, in order to promote judicial economy and to ensure that the Court's rulings in the Adversary Proceedings and the Apartments at Cambridge Action are uniform and consistent, the proceedings should be consolidated. Consolidation should also enable the parties to minimize the expenses of discovery and litigation by avoiding duplicitous discovery and motion practice as well as multiple trials on related facts and legal issues.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs and the Chapter 7 Trustee respectfully request that this Honorable Court issue an order consolidating the Adversary Proceedings and the Apartments at Cambridge Action. A proposed order is attached hereto as Exhibit 1.

Respectfully Submitted,

| | |
|---|---|
| WOLFSON BOLTON PLLC | MORGANROTH & MORGANROTH, PLLC |
| By: /s/ Scott A. Wolfson | By: /s/ Daniel E. Harold |
| SCOTT A. WOLFSON (P53194) | MAYER MORGANROTH (P17966) |
| ANTHONY J. KOCHIS (P72020) | DANIEL E. HAROLD (P61841) |
| Counsel for Chapter 7 Trustee | Counsel for Plaintiffs |
| 3150 Livernois, Suite 275 | 344 North Old Woodward Avenue, Suite 200 |
| Troy, MI 48083 | Birmingham, Michigan 48009 |
| (248) 247-7105 | (248) 864-4000 |
| swolfson@wolfsonbolton.com | dharold@morganrothlaw.com |

Dated: July 12, 2013