# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:

RICHARD M. LEWISTON,

        Debtor.

_____/

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

        Plaintiffs,

vs.

RICHARD M. LEWISTON,

        Defendant.

_____/

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

Adv. Pro. No. 12-06003

## EX-PARTE JOINT MOTION OF PLAINITFFS AND CHAPTER 7 TRUSTEE TO SHORTEN RESPONSE TIME AND EXPEDITE HEARING ON JOINT MOTION OF PLAINITFFS AND CHAPTER 7 TRUSTEE TO CONSOLIDATE ADVERSARY AND RELATED PROCEEDINGS FOR PURPOSES OF DISCOVERY AND TRIAL

NOW COME Plaintiffs and Nominal Defendant, Gene R. Kohut, by and through their respective counsel, and, in support of their Ex-Parte Joint Motion to Shorten Response Time and Expedite Hearing on Joint Motion of Plaintiffs and Chapter 7 Trustee to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial, hereby state as follows.

### JURISDICTION

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      Venue is proper under 28 U.S.C. § 1408 and 1409.

## FACTS SPECIFIC TO REQUESTED RELIEF

4.      Debtor, Richard Martin Lewiston ("Lewiston"), filed his Voluntary Petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*)[1] on August 13, 2012.  (Dkt. No. 1 in Case No. 09-58599).

5.      Apartments at Cambridge Company, L.L.C., APTCAM, L.L.C., CAMAPT, L.L.C., Asa Shapiro Declaration of Trust, Mickey Shapiro Trust, ILA I, L.L.C., ILA II, L.L.C., Richards-Pitt, L.L.C., Gregory Richards CS Trust, Gregory Richards Marital Trust, Daniel Smith, Richard Smith and Joanne Purther, Kevin Spizizen, Kevin Spizizen Declaration of Trust, Neil Spizizen, Neil Spizizen Revocable Living Trust and Nick Balberman (collectively, the "Plaintiffs") allege that they are creditors of Lewiston who were investors in numerous real estate companies that were managed by Lewiston.[2]

6.      Plaintiffs have filed Proofs of Claim in an aggregate amount exceeding $40 million.   In addition, Plaintiffs maintain four adversary proceedings (the "Non-Discharge Adversary Proceedings") against Lewiston: one pursuant to Section 727 (Adv. Proc. No. 12-06010) and three pursuant to Section 523 (Adv. Proc. Nos. 12-06003, 12-06004, 12-06006).

7.      The Non-Discharge Adversary Proceeding pursuant to Section 727 is brought by all of the Plaintiffs and alleges, *inter alia*, that Lewiston has failed to account for assets, concealed assets from the Court, and set forth claims for nonexistent accounts receivable.  The Non-Discharge Adversary Proceedings pursuant to Section 523 allege, *inter alia*, that Lewiston

---

[1]      References to the Bankruptcy Code are to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, as amended, and will hereinafter be referred to as "Section _____".

[2]      The lone exception is Plaintiff, Apartments at Cambridge Company, L.L.C. ("Apartments at Cambridge"), which is not an investor in any real estate company to the movants' knowledge, but is a real estate company managed by Lewiston.

2

diverted millions of dollars from the real estate companies that he managed for his and his family's own benefit.

8. On January 28, 2013, Plaintiffs and Lewiston appeared before the Court for a Scheduling Conference as to each of the Non-Discharge Adversary Proceedings. Although Plaintiffs sought to consolidate the Non-Discharge Adversary Proceedings, Lewiston did not consent to consolidation, which resulted in the separation of discovery and the scheduling of four separate trials for each of the Non-Discharge Adversary Proceedings.

9. On April 22, 2013, the Trustee filed Motions to Intervene in each Non-Discharge Adversary Proceeding alleging, *inter alia*, that Lewiston was claiming approximately $10.5 million in accounts receivable as part of the bankruptcy estate and that Plaintiffs' Proofs of Claim and Adversary Proceedings could affect the alleged estate assets.

10. Also on April 22, 2013, the Trustee objected to each of the Plaintiffs' Proofs of Claim through the following: (1) a First Amended Complaint/adversary proceeding objecting to the Proofs of Claim of Plaintiffs, Daniel Smith, Richard Smith and Joanne Purther (the "Smith Plaintiffs") (Adv. Proc. No. 13-04450, the "Kohut/Smith Adversary Proceeding," collectively with the Non-Discharge Adversary Proceedings, the "Adversary Proceedings"); (2) an Objection to Plaintiff Richard-Pitt, L.L.C.'s Proof of Claim; and (3) an Omnibus Objection to the remaining Plaintiffs' Proofs of Claim.

11. In addition, on April 22, 2013, the Trustee commenced a lawsuit against Apartments at Cambridge in the U.S. District Court for the Eastern District of Michigan, Southern Division, Case No. 2:13-cv-11790-GER-LJM before the Honorable Gerald E. Rosen (the "Apartments at Cambridge Action") alleging, *inter alia*, that an account receivable of

3

approximately $4.8 million is owed to Lewiston's bankruptcy estate by Apartments at Cambridge.

12.     On June 12, 2013, the Court presided over oral argument on the Trustee's Motions to Intervene and granted the Motions.  Noting the commonality of issues in the Non-Discharge Adversary Proceedings, the Court Order in each Non-Discharge Adversary Proceeding provides that "the parties to this adversary proceeding are directed to meet and confer to discuss avenues to conduct this litigation, the related contested matters, adversary proceedings, and the [Apartments at Cambridge Action], efficiently and without duplication of discovery."

13.     On June 17, 2013, the Court held a Scheduling Conference in the Kohut/Smith Adversary Proceeding and issued a Scheduling Order consistent with the Report of Parties' Rule 26(f) Conference consolidating the trial with the trial in the Smith Plaintiffs' Non-Discharge Adversary Proceeding (Adv. Proc. No. 12-06006).

14.     On June 21, 2013, the Court presided over oral argument on the Trustee's Objections to the non-Smith Plaintiffs' Proofs of Claim.  The Court overruled the Objections stating that the Trustee had already been added as a nominal Defendant to the Non-Discharge Adversary Proceedings in which the nature and extent of Plaintiffs' claims, if any, will be determined.

15.     Following oral argument, the parties, including Lewiston's counsel, held an initial conference in the Courthouse to discuss avenues to conduct the Adversary Proceedings, the related contested matters, and the Apartments at Cambridge Action efficiently and without duplication of discovery.  Thereafter, following the Stipulation of the Trustee and Apartments at Cambridge, a Stipulated Order was entered on June 26, 2013 by Judge Rosen in the Apartments

4

at Cambridge Action referring that Action to this Court for all pre-trial proceedings and to submit to Judge Rosen proposed findings of fact and conclusions of law.

## RELIEF REQUESTED AND AUTHORITY FOR RELIEF

16. Plaintiffs and the Trustee respectfully request an expedited hearing on their Joint Motion to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial (the "Motion to Consolidate") and shortened right of response such that, subject to the Court's availability, the hearing on the Motion to Consolidate would take place on Friday, July 19, 2013 at 10:00 a.m., and any responses to the Motion to Consolidate would be filed by no later than 12:00 noon on Thursday, July 18, 2013.

17. The authority for the requested relief is Federal Rule of Bankruptcy Procedure 9006, Eastern District of Michigan Local Bankruptcy Rule 9006-1(b), and 11 U.S.C. § 105(a).

## BASIS FOR RELIEF

18. Pursuant to Eastern District of Michigan Local Bankruptcy Rule 9014-1, the deadline to file a response to the Motion to Consolidate is 14 days, and, upon the filing of an response, the Court will schedule a hearing with notice to the moving parties and all respondents unless the Court determines that a hearing is unnecessary to resolve the matter.

19. Plaintiffs and the Trustee respectfully submit that a 14-day response period and subsequent hearing will unnecessarily delay resolution of whether the Adversary Proceedings and the Apartments at Cambridge Action should be consolidated for purposes of discovery and trial. Moreover, such delay will result in potentially duplicative discovery and motion practice.

20. Resolution of the issue of consolidation involves only the Plaintiffs, the Trustee and the Debtor, Lewiston -- no other creditors or parties have any interest in such issue or any right to be heard on such issue.

21.     Plaintiffs and Lewiston will already be in Court on Friday, July 19, 2013 at 10:00 a.m. for the hearing on Lewiston's objection to Plaintiffs' subpoena to his accounting firm. Therefore, the parties will all benefit from having to attend one less hearing while expediting the issue of efficient and non-duplicative discovery.

22.     This Ex-Parte Joint Motion is further supported by an accompanying Brief in Support.

WHEREFORE, Plaintiffs and the Chapter 7 Trustee respectfully request that this Honorable Court issue an order granting the instant Ex-Parte Joint Motion and hold a hearing on their Joint Motion to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial on July 19, 2013 at 10:00 a.m.  A proposed order is attached to the accompanying Brief in Support.

Respectfully Submitted,

WOLFSON BOLTON PLLC                     MORGANROTH & MORGANROTH, PLLC
By: /s/ Scott A. Wolfson                 By: /s/ Daniel E. Harold
SCOTT A. WOLFSON (P53194)               MAYER MORGANROTH (P17966)
ANTHONY J. KOCHIS (P72020)              DANIEL E. HAROLD (P61841)
Counsel for Chapter 7 Trustee           Counsel for Plaintiffs
3150 Livernois, Suite 275               344 North Old Woodward Avenue, Suite 200
Troy, MI 48083                          Birmingham, Michigan  48009
(248) 247-7105                          (248) 864-4000
swolfson@wolfsonbolton.com              dharold@morganrothlaw.com

Dated:  July 12, 2013

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In the Matter of:

RICHARD M. LEWISTON,

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

        Debtor.

_____/

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

        Plaintiffs,

vs.

Adv. Pro. No. 12-06003

RICHARD M. LEWISTON,

        Defendant.

_____/

## BRIEF IN SUPPORT OF EX-PARTE JOINT MOTION OF PLAINITFFS AND CHAPTER 7 TRUSTEE TO SHORTEN RESPONSE TIME AND EXPEDITE HEARING ON JOINT MOTION OF PLAINITFFS AND CHAPTER 7 TRUSTEE TO CONSOLIDATE ADVERSARY AND RELATED PROCEEDINGS FOR <u>PURPOSES OF DISCOVERY AND TRIAL</u>

## PRELIMINARY STATEMENT

Plaintiffs and the Chapter 7 Trustee hereby incorporate and rely upon the facts set forth in their Ex-Parte Joint Motion to Shorten Response Time and Expedite Hearing on Joint Motion of Plaintiffs and Chapter 7 Trustee to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial.

## ARGUMENT

**I.     THE COURT SHOULD SHORTEN THE RESPONSE TIME AND EXPEDITE THE HEARING ON THE JOINT MOTION OF PLAINTIFFS AND CHAPTER 7 TRUSTEE TO CONSOLIDATE ADVERSARY AND RELATED PROCEEDINGS FOR PURPOSES OF DISCOVERY AND TRIAL.**

Federal Rule of Bankruptcy Procedure 9006 provides that "the court for cause shown may in its discretion with or without motion or notice order the period [to act] reduced." Fed. R. Bankr. P. 9006(c). Eastern District of Michigan Local Bankruptcy Rule 9006-1 further provides that "a party may file a motion for an ex parte order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b). Section 105 of the Bankruptcy Code also provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Resolution of the issue of consolidating Plaintiffs' and the Trustee's respective adversary proceedings along with *Kohut v. Apartments at Cambridge Company, L.L.C.* (Case No. 2:13-cv-11790-GER-LJM in the U.S. District Court for the Eastern District of Michigan, Southern Division, which has been referred to this Court for all pretrial proceedings) is necessary to prevent duplicative discovery and motion practice.

Resolution of the issue of consolidation involves only the Plaintiffs, the Trustee and the Debtor -- no other creditors or parties have any interest in such issue or any right to be heard on such issue. Furthermore, Plaintiffs and Debtor will already be in Court on Friday, July 19, 2013

2

at 10:00 a.m. for the hearing on Debtor's objection to Plaintiffs' subpoena to his accounting firm. Therefore, the parties will all benefit from having to attend one less hearing while expediting the issue of efficient and non-duplicative discovery and motion practice.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs and the Chapter 7 Trustee respectfully request that this Honorable Court issue an order granting the instant Ex-Parte Joint Motion and hold a hearing on their Joint Motion to Consolidate Adversary and Related Proceedings for Purposes of Discovery and Trial on July 19, 2013 at 10:00 a.m. A proposed order is attached hereto as Exhibit 1.

Respectfully Submitted,

WOLFSON BOLTON PLLC
By: /s/ Scott A. Wolfson
SCOTT A. WOLFSON (P53194)
ANTHONY J. KOCHIS (P72020)
Counsel for Chapter 7 Trustee
3150 Livernois, Suite 275
Troy, MI 48083
(248) 247-7105
swolfson@wolfsonbolton.com

MORGANROTH & MORGANROTH, PLLC
By: /s/ Daniel E. Harold
MAYER MORGANROTH (P17966)
DANIEL E. HAROLD (P61841)
Counsel for Plaintiffs
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
dharold@morganrothlaw.com

Dated: July 12, 2013

3