**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

| | |
|---|---|
| In the Matter of: | |
| RICHARD M. LEWISTON | Bankruptcy Case No. 12-58599 |
| | Hon. Philip J. Shefferly |
| Debtor, | Chapter 7 |
| | |
| APARTMENTS AT CAMBRIDGE COMPANY, | Adv. Pro. No. 12-06003 |
| L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO | Hon. Philip J. Shefferly |
| DECLARATION OF TRUST, ILA I, L.L.C., ILA II, | |
| L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C. | |
| | |
| Plaintiffs, | |
| vs. | |
| RICHARD M. LEWISTON, | |
| | |
| Defendant. | |

---

| MOTION FOR SUMMARY JUDGMENT |
|---|

NOW COMES Defendant, Richard M. Lewiston ("Lewiston"), by and through his counsel,

Stevenson & Bullock, P.L.C., and hereby moves this Court for entry of an order granting

summary judgment in favor of Defendant ("Motion"), in substantially the form attached hereto

as Exhibit 1.

Lewiston, through his counsel, for his Motion, states as follows:

1. Plaintiffs are not the real parties in interest; therefore, Plaintiffs lack standing to assert

   the claims made in the Complaint.

2. Plaintiffs have failed to meet the requisite pleading standards; therefore, Plaintiffs have

   failed to state a claim upon which relief can be granted.

3. Plaintiffs are barred by the applicable statutes of limitation.

4. There exists no genuine issue of material fact that Lewiston is entitled to judgment as a matter of law, in his favor, on all counts of Plaintiffs' Complaint; therefore, Plaintiffs' Complaint should be dismissed with prejudice.

5. In support of this Motion, Lewiston relies on the facts, laws, rules and arguments as set forth in the attached Brief in Support of Motion for Summary Judgment.

6. In accordance with E.D. Mich. LBR 9014-1(g), concurrence in the relief was sought from Plaintiffs throughout this matter, and concurrence was not granted.

7. The filing of this motion is not a waiver by Lewiston of any other defense(s) available to him, and/or previously pleaded and/or asserted by Lewiston. Lewiston specifically reserves the right to assert any and all other defense(s) available to him, at any time as Lewiston may deem appropriate. Lewiston reserved the right to amend this motion, or any of the accompanying exhibits or attachments at any such time as Lewiston deems appropriate.

**WHEREFORE,** Lewiston respectfully requests this Honorable Court enter the proposed Order Granting Summary Judgment, and order any additional relief which the Court deems appropriate.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
Counsel for Defendant
26100 American Drive, Suite 500
Southfield, MI 48034
**telephone:** 248.354.7906 x2240
**facsimile:** 248.354.7907
**email:** pfoley@sbplclaw.com

**dated:** July 18, 2013

# Exhibit

# 1

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

RICHARD M. LEWISTON

            Debtor,

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

            Plaintiffs,

v.

RICHARD M. LEWISTON,

            Defendant.

Adv. Pro. No. 12-06003
Hon. Philip J. Shefferly

## ORDER GRANTING SUMMARY JUDGMENT

**THIS MATTER** having come before the Court on the filing of Motion for Summary Judgment ("Motion") by Defendant Richard M. Lewiston ("Lewiston"); the Motion and all accompanying attachments/exhibits having been properly served upon all necessary parties; notice of the Motion having been properly served upon all necessary parties; adequate notice of the Motion having been provided to all parties required to receive said notice; no objection and/or response to the Motion having been filed with the Court, or if having been filed, having been resolved; the Court finding the Motion well taken; and the Court being otherwise duly advised in the premises;

      **NOW THEREFORE;**

**IT IS HEREBY ORDERED** that Lewiston's Motion for Summary Judgment is GRANTED.

**IT IS FURTHER ORDERED** that this matter is hereby DISMISSED WITH PREJUDICE.

# Exhibit

# 2

## Notice and Opportunity to Object

**In the Matter of:**

RICHARD M. LEWISTON

                    Debtor,

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

APARTMENTS AT CAMBRIDGE COMPANY, L.L.C.,
MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II, L.L.C.,
APTCAM L.L.C., and CAMAPT, L.L.C.

                    Plaintiffs,

v.

RICHARD M. LEWISTON,

                    Defendant.

Adv. Pro. No. 12-06003
Hon. Philip J. Shefferly

---

## NOTICE OF MOTION AND OPPORTUNITY TO RESPOND

      **PLEASE TAKE NOTICE** that Richard M. Lewiston ("Lewiston") has filed with the Court a motion for summary judgment with the Court, asking the Court grant summary judgment in his favor, and dismiss the Plaintiffs' Complaint in the above captioned adversary proceeding ("Motion").

      **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

      If you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion. Within 14 days, you or your attorney must:

1. File with the court a written response or an answer*, explaining your position at:
   ▶ United States Bankruptcy Court, 211 W. Fort St., 17th Floor, Detroit, MI 48226
   If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. You must also mail a copy to:
   ▶ Office of the U.S. Trustee, 211 W. Fort St., Suite 700, Detroit, MI 48226
   ▶ Patrick A. Foley, Stevenson & Bullock PLC, 26100 American Dr., Ste. 500, Southfield, MI 48034
2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and locations of the hearing.

      If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.

                        Respectfully submitted,
                        **STEVENSON & BULLOCK, P.L.C.**

                        By: /s/ Patrick A. Foley
                        Patrick A. Foley (P74323)
                        Counsel for Lewiston
                        26100 American Drive, Suite 500
                        Southfield, MI 48034
                        telephone: 248.354.7906
                        facsimile: 248.354.7907
                        email: pfoley@sbplclaw.com

      Dated: July 18, 2013
* Response or answer must comply with Fed .R. Civ. P. 8(b), (c) and (e).

# Exhibit

# 3

Brief in Support

In the Matter of:

RICHARD M. LEWISTON

             Debtor,

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

---

APARTMENTS AT CAMBRIDGE COMPANY,
L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II,
L.L.C., APTCAM L.L.C., and CAMAPT, L.L.C.

             Plaintiffs,

v.

RICHARD M. LEWISTON,

             Defendant.

Adv. Pro. No. 12-06003
Hon. Philip J. Shefferly

---

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Defendant Richard M. Lewiston ("Lewiston"), by and through his counsel, Stevenson & Bullock, P.L.C., and in support of his <u>Motion for Summary Judgment</u>, hereby states as follows:

### Standard of Review

1. Fed.R.Bankr.P. 7056 provides that a motion for summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### Procedural History

2. On August 13, 2012, Richard M. Lewiston ("Debtor") filed a petition for relief under

Chapter 7 of the United States Bankruptcy Code.

3. On November 19, 2012, the below named seven parties ("Plaintiffs") commenced the instant adversary proceeding by the filing of a complaint under various subsections of 11 U.S.C. §523 ("Complaint").

   a. Apartments at Cambridge Company, LLC
   b. Mickey Shapiro Trust
   c. Asa Shapiro Declaration Of Trust
   d. ILA I, LLC
   e. ILA II, LLC
   f. Aptcam, LLC
   g. Camapt, LLC

### Lewiston is Entitled to Summary Judgment in His Favor

## I. STANDING & REAL PARTY IN INTERESTS

### A. Facts

Plaintiffs' Complaint is littered with spurious allegations. In attempting to make any sense of the Complaint, one must distinguish between the two groups of Plaintiffs, each of which attempt to assert diametrically opposed claims. Regardless of the clear and inherent conflict; the false and insufficient claims can be summarized as follows:

- Mickey Shapiro Trust, Asa Shapiro Declaration Of Trust, ILA I, LLC, and ILA II, LLC claim that by virtue of their indirect alleged ownership interests in Island Lake Associates, Cambridge Development Associates, Fairway West Associates, and Founders Woods Associates (collectively "Associate Entities"), they have been damaged by Lewiston's "unauthorized" lending of money from said entities to Apartments at Cambridge Company, LLC ("AACCLLC") (collectively "Group 1" Plaintiffs).

- Completely conversely, Aptcam, LLC and Camapt, LLC claim to be owners of AACCLLC,

and together with AACCLLC, claim to have been somehow damaged by having *received* "unauthorized" loans from the first group of Plaintiffs above (collectively "Group 2" Plaintiffs).

Apart from being completely false, the position(s) of the two groups of Plaintiffs are in complete conflict, and are mutually exclusive. Nowhere in Plaintiffs' Complaint do Plaintiffs actually articulate how, even if their allegations are taken as true, a debt is owed by Lewiston individually to Plaintiffs. The Plaintiffs' failure to state claim(s) for relief is addressed later in this brief.

### B. Law

The Bankruptcy Code leaves the determination of property rights to state law.[1] Michigan law provides that a limited liability company is a legal entity distinct from its members.[2] In the context of corporations, "a shareholder of a corporation does not have a personal or individual right of action for damages based solely on an injury to the corporation."[3] In Michigan, "[t]he rules respecting the corporate form apply equally to limited liability corporations."[4]

In order to challenge the dischargeability of a debt under § 523(a)(2)(A),[5] "the creditor to whom such debt is owed" must request exception of that debt from discharge.[6] Thus, the only party that has standing to challenge the dischargeability of a debt is the party "to whom

---

[1] Butner v. United States, 440 U.S. 48, 55 (U.S. 1979)
[2] See *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC*, 317 F. Supp. 2d 752, 754 (E.D. Mich. 2004); Hills & Dales Gen. Hosp. v. Pantig, 812 N.W.2d 793, 797 (Mich. Ct. App. 2011).
[3] Gaff v. FDIC, 814 F.2d 311, 315 (6th Cir. 1987).
[4] Hills & Dales Gen. Hosp., 812 N.W.2d at 797.
[5] References are to Title 11, United States Code.
[6] 11 U.S.C. § 523(c)(1).

the debt is owed."[7]   This same logic and reasoning squarely applies in the context of §§ 523(a)(4) and (6).[8]

The provisions of the Michigan Limited Liability Company Act and the case law thereunder expressly provide, "A member [of a limited liability company] has no interest in specific limited liability company property."[9]  In *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC,*[10] the majority members of a limited liability company unsuccessfully attempted to establish diversity jurisdiction, and thus standing, by seeking to amend their complaint to name themselves instead of the limited liability companies as plaintiffs even though the alleged damages were to the companies.  In denying the majority members' motion and dismissing the action, the court relied upon Section 504(2) of the Michigan Limited Liability Company Act (MCL § 450.4504(2)) in holding that limited liability companies and their interests are separate and distinct from their owners.[11]

C.  **Arguments**

*Group 1 Plaintiffs*

With respect to the Group 1 Plaintiffs, the meritless claims of these Plaintiffs are

---

[7] *Coleman v. Miller (In re Miller),* 270 B.R. 303, 305 (D. Kan. 2001), citing, *In re Jarmul,* 150 B.R. 134, 138-39 (Bankr. W.D. Pa. 1993).

[8] *General Motors Co. v. Heraud (In re Heraud),* 410 B.R. 569, (Bankr. E.D. Mich. 2009) (explaining that GM did not retain a property interest in funds once they were remitted from the corporation and therefore did not entrust its funds to the debtor and the debtor did not appropriate property belonging to another person or entity). Accord, *In re Phillips,* 185 B.R. 121 (Bankr. E.D.N.Y. 1995) (plaintiff sued both as a creditor and as a shareholder, but was allowed damages only as a creditor); *In re Missirlian,* 113 B.R. 129 (Bankr. E.D.N.Y. 1990) (plaintiff was denied dischargeability relief under 523(a)(4) against the decedent's son where plaintiff was only a creditor of the decedent).

[9] MCL § 450.4504(2); *Vanderwerp v. Plainfield Charter Twp.,* 752 N.W.2d 479, 483 (Mich. Ct. App. 2008) (per curiam) (affirming the lifting of individual property owners' homestead exception after they conveyed their property to their wholly-owned limited liability company on the basis that they "no longer had any interest in the subject property after it was conveyed to the LLC" pursuant to MCL § 450.4504(2)); *Signature Villas, L.L.C. v. City of Ann Arbor,* 714 N.W.2d 392, 397-398 (Mich. Ct. App. 2006) (per curiam) (acknowledging MCL § 450.4504(2) and upholding the uncapping of the taxable value of property after an LLC that owned property was conveyed to another LLC); *Heraud* at 584

[10] 317 F.Supp.2d 752, 753-756 (E.D. Mich. 2004).

[11] *Id.*

property of the specific entities of which they claim a twice-removed chain of ownership. The case law described above makes clear that, saving for a moment the complete lack of veracity in their allegations, these claims must be brought by the Associate Entities themselves, not by the Group 1 Plaintiffs.

Following the logic of the *Trident* decision, the Group 1 Plaintiffs are not the real parties in interest and lack standing to assert such claims; therefore, Lewiston is in entitled to summary judgment in his favor.

### Group 2 Plaintiffs

With respect to the Group 2 Plaintiffs, the case law cited above prohibits the assertion of any claims by Aptcam, LLC or Camapt, LLC, as any such claims belong to AACCLLC, a limited liability company, and are not the specific property of either Aptcam or Camapt.

Following the logic of the *Trident* decision, Aptcam, LLC and Camapt, LLC are not the real parties in interest and lack standing to assert such claims; therefore, Plaintiffs' Complaint must be dismissed.

## II. FAILURE TO STATE A CLAIM

### A. Law

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction [...]; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."[12]

---

[12] FED.R.CIV.P. 8(a).

In *Tackett v. M & G Polymers*,[13] the Sixth Circuit summarized the standard for evaluating a Rule 12(b)(6) motion: "In Bell Atlantic Corp. v. Twombly, [...] the Supreme Court said that [...] to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) **more than** a 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest 'right to relief **above** a speculative level.'"[14]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16]

Fed.R.Civ.P. 9(b), applicable to the instant proceedings via Fed.R.Bankr.P. 7009, establishes additional requirements for actions that are based upon fraud: "In alleging fraud or mistake, a party **must state with particularity the circumstances constituting fraud or mistake.**"[17]

The Sixth Circuit Court of Appeals reads the requirements of Rule 9(b) together with the principles embodied in Rule 8.[18] "[T]he purpose of Rule 9 is not to reintroduce formalities to pleadings, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct."[19] The heightened notice is necessary in order to fulfill

---

[13] *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478 (6th Cir. 2009).
[14] *Id.* at 488 (emphasis added)
[15] *Iqbal*, at 663 (citing *Twombly*, at 556).
[16] *Twombly* at 555 (citations omitted).
[17] Fed.R.Civ.P. 9(b), applicable to the instant proceedings via Fed.R.Bankr.P. 7009 (emphasis added)
[18] *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988).
[19] *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007) (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d at 679 ("[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant with fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading.")).

the goals of Rule 9, which are: (1) to "ensure that defendants have the specific notice necessary to prepare a response[;]" (2) to "prevent prospective plaintiffs from engaging in fishing expeditions to uncover moral wrongs[;]" and (3) to "protect defendants' reputations against damage stemming from accusations of immoral conduct."[20]

The Sixth Circuit Court of Appeals has also emphasized its "long-standing holding that, under Rule 9(b), a plaintiff must allege the time, place, and content of the alleged misrepresentation."[21] As required by Fed.R.Civ.P. 9(b), "[a]verments of fraud must be stated with particularity[, and] the threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'"[22] The Supreme Court indicates that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[23]

### B. Arguments

Plaintiffs' Complaint is comprised of absolutely nothing more than a threadbare recitation of the elements of each count. Upon even a cursory review, it is clear that the lengthy "General Allegations" section of the Complaint contains factual allegations entirely unrelated a cause of action under any section of 11 U.S.C. §523.

Plaintiffs attempt to allege fraud in each of their counts, and seek relief under §§ 523(a)(2), (a)(4), and (a)(6); yet, Plaintiffs fail to plead any facts, which, even if taken as true by

---

[20] *Bledsoe*, 501 F.3d at 503 n.11 (citations omitted).
[21] *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (internal quotation marks and citation omitted). See also, *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309, 312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)), holding "to satisfy [...] Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'"
[22] *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).
[23] *Iqbal* at 678 (citing *Twombly* at 556).

the Court in deciding this motion, are sufficient to support any such claim. The Complaint is *at best* a bare recitation of the elements without any factual support. The United States Supreme Court was explicit in *Twombly* when it noted that the formulaic recitation of the elements of a cause of action is not sufficient.[24]

Plaintiffs have not pled any of the circumstances, including the time, place, or content of any alleged misrepresentation, as required by Fed.R.Civ.P. 9 and the established jurisprudence of the 6th Circuit. The court in *Puzzo v. Martin*[25] dismissed a plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P.12(b)(6), due to a plaintiff's failure to allege that the defendant had intended to deceive the plaintiff at the time a representation to plaintiff was made.[26] Plaintiffs' Complaint is even more egregious, as Plaintiffs have not pled any factual circumstances.

Plaintiffs have offered no specific facts and have failed to meet the burden required in stating a claim for relief under §§ 523(a)(2), (4), or (6).

### i. Plaintiffs Fail to State a Claim under § 523(a)(2)(A)

Plaintiffs fail to meet the requirements of the heightened pleading standard under §523(a)(2). Plaintiffs' Complaint contains no specific factual averments related to the alleged time, place, and content of any alleged fraud or misrepresentations. The failure to include such information is grounds for summary judgment.

§523(a)(2)(A) states: "A discharge under [the Bankruptcy code] does not discharge an individual debtor from any debt [...] for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by [...] false pretenses, a false representation, or

---

[24] *Id.*
[25] *Puzzo v. Martin (In re Martin)*, 419 B.R. 524 (Bankr. D. N.H. 2009).
[26] *Id.* at 530.

actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"

According to the Sixth Circuit in *In re Rembert*, 141 F.3d 277; in order to prevail on a claim under § 523(a)(2)(A), the Plaintiffs must be able to demonstrate that:

> (1) the debtor obtained money [property, services, or an extension, renewal, or refinancing of credit] through a material misrepresentation that at the time the debtor knew was false or that he made with gross recklessness as to its truth;
> (2) the debtor intended to deceive;
> (3) the creditor justifiably relied on the false representation; and
> (4) its reliance was the proximate cause of the loss.[27]

Plaintiffs' have failed to plead facts necessary to establish any and all of the above requirements. Plaintiffs have failed to allege requisite factual circumstances to satisfy any of the well-established requirements set forth in *Rembert* and this cause of action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

All of Plaintiffs' arguments under § 523(a)(2)(A) fail, as Plaintiffs have not pled that Lewiston obtained any money, property, services, or credit. Plaintiffs have failed to demonstrate a right to relief under § 523. Further, Plaintiffs' fail to allege: intent to deceive, justifiable reliance, and *most significantly*, proximate cause. In fact, Plaintiffs, via their Complaint, allege that funds were transferred to third parties, not to Lewiston. This is in complete contradiction to, and dispositive of, any claims under 11 U.S.C. §523, which require that Lewiston obtained money.

The heightened pleading standards required under Fed.R.Civ.P. 9 have not been met by Plaintiffs' Complaint. The Sixth Circuit requires Plaintiffs to allege the specific time, place, and

---

[27] *In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998).

content of the alleged fraud[28], and assertions of fraud must be stated with particularity per Fed.R.Civ.P. 9(b). Plaintiffs have failed to plead to the stringent pleading standards to assert a claim based on fraud. Thereby Plaintiffs have failed to articulate a colorable non-dischargeability claim, and Plaintiffs' Complaint must be dismissed.

### ii. Plaintiffs Fail to State a Claim under § 523(a)(2)(B)

§523(a)(2)(B) states: "A discharge under [the Bankruptcy code] does not discharge an individual debtor from any debt [...] for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by [...] use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive[.]"

Plaintiffs' Complaint must be dismissed as for the reason that Plaintiff fails to allege:

(1) that Lewiston obtained any money from the Plaintiffs;
(2) that there existed a  in writing;
(3) that Lewiston prepared such writing;
(4) that Lewiston caused such writing to be provided to the Plaintiffs;
(5) that Lewiston intended such statement to be relied upon by the Plaintiffs;
(6) that any such statement was untrue or false at the time it was made;
(7) that Lewiston knew that any such statement was false; or
(8) that Plaintiffs relied on any such statement,

Plaintiffs' claims under §523(a)(2)(B) should be dismissed to the extent that Plaintiffs allege any misrepresentation not related to the "financial condition" of a "debtor or insider."

### iii. Plaintiffs Fail to State a Claim under § 523(a)(4)

Section 523(a)(4) reads "a discharge under section 727 [...] of this title does not discharge an individual debtor from any debt [...] for fraud or defalcation while acting in a

---

[28] *United States ex rel. Snapp, Inc. v. Ford Motor Co.* at 504

fiduciary capacity, embezzlement, or larceny."

Federal law defines "embezzlement" under § 523(a)(4) as the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come. A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud.[29]

Larceny can be defined as the actual or constructive taking away of property of another without the consent and against the will of the owner or possessor with the intent to convert the property to the use of someone other than the owner.[30] Larceny for purposes of § 523(a)(4) requires proof that the debtor wrongfully and with fraudulent intent took property from its rightful owner.[31]

First and foremost, Plaintiffs, have not established that any injury has been suffered by any particular Plaintiff. In fact, Plaintiffs have not even established which Plaintiff, if any, has the requisite standing to pursue an action against Lewiston. Thus, summary judgment is warranted.

Plaintiffs have failed to plead that they entrusted any property to Lewiston. Even if Plaintiffs had pled an ownership interest in property that they had entrusted to Lewiston, they have failed to demonstrate what property was allegedly misappropriated by Lewiston. Plaintiffs have failed to demonstrate to the appropriately heightened pleading standards, that any of the surrounding circumstances indicate fraud. Plaintiffs' claims under § 523(a)(4) are unfounded and summary judgment is warranted.

---

[29] *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996) (internal quotation marks and citation omitted).
[30] *General Motors Acceptance Corporation v. Cline*, 2008 WL 2740777 (N.D. Ohio, July 3, 2008).
[31] *Id.* at 4.

Plaintiffs have also failed to demonstrate that Lewiston took property with fraudulent intent. Therefore, the argument that the alleged acts of Lewiston rise to the level of larceny pursuant to § 523(a)(4) are meritless. Accordingly, the Court should grant summary judgment in favor of Lewiston.

The Sixth Circuit "construes the term 'fiduciary capacity' found in the defalcation provision of § 523(a)(4) more narrowly than the term is used in other circumstances."[32] The Sixth Circuit Court of Appeals has also held that in order to prevail under this subsection, there must be "(1) a preexisting fiduciary relationship; (2) a breach of that fiduciary relationship; and (3) a resulting loss."[33] The Sixth Circuit also adopted a narrow definition of the defalcation provision and held that it does not apply to someone who merely fails to meet an obligation under a common law fiduciary relationship.[34] Accordingly, the defalcation provision applies to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor.[35] Furthermore, in order to establish the existence of an express or technical trust, a creditor must demonstrate: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary.[36]

Here, Plaintiffs have failed to allege the presence of any trust between any particular Plaintiffs and Lewiston, and have failed to satisfy any of the requisite elements to proffer an exception to discharge pursuant to § 523(a)(4).

Throughout their indiscernible Complaint, there is no mention of any trust being established between any of the Plaintiffs and Lewiston. Furthermore, no intent has been

---

[32] In re Bucci, 493 F.3d 635 at 641, 48 Bankr. Ct. Dec. (CRR) 113, 41 Employee Benefits Cas. (BNA) 1544, Bankr. L. Rep. (CCH) P 80971, 2007 FED App. 0251P (6th Cir. 2007), cert. denied, 128 S. Ct. 2903, 171 L. Ed. 2d 841, 44 Employee Benefits Cas. (BNA) 1288 (2008).
[33] *Id.*
[34] *Id.*
[35] *Id.* at 639-40.
[36] *Id.*

demonstrated to create a trust, no trustee established, no trust res determined, and no beneficiary named. Therefore, Plaintiffs have failed to satisfy the well-grounded principles to assert a claim under § 523(a)(4) and Lewiston's accompanying Motion for Summary Judgment must be granted.

The generalized allegations and conclusory statements pled by Plaintiffs throughout their Complaint are completely inadequate to establish a claim against Lewiston. Without pleading any facts to support the requisite elements to support a claim under § 523(a)(4), Plaintiffs' Complaint fails and, consequently, summary judgment must be granted in favor of Lewiston.

### v. Plaintiffs Fail to State a Claim under § 523(a)(6)

In order to establish non-dischargeability under § 523(a)(6), a creditor must show that the alleged injury caused by the defendant is both willful and malicious. "[T]o find a 'willful' injury under § 523(a)(6), [the Court] must determine either that (i) the actor desired to cause the consequences of the act, or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act."[37] "Willful conduct is that conduct which is deliberate, intentional, and voluntarily undertaken by the debtor,"[38] "An act will be deemed 'willful' only if it was undertaken with the actual intent to cause injury."[39]

Malice for purposes of § 523(a)(6) has been found to mean "without just cause or excuse."[40] Malice has also been defined as "act[ing] in conscious disregard of [one's] duties."[41]

---

[37] *In re Trantham*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (Citing *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999).
[38] *Oregon Ford, Inc. v. Clayburn (In re Clayburn)*, 67 B.R. 522, 525 (Bankr. N.D. Ohio 1986) (citing *Tinker v. Colwell*, 192 U.S. 473 (1904)), which is intended to cause injury, *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) ("nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury")
[39] *Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 119 (B.A.P. 6th Cir. 2007) (citing *Markowitz*, 190 F.3d at 464).
[40] *JGR v. Brown (In re Brown)*, 442 B.R. 585, 620 (Bankr. E.D. Mich. 2011) (quoting *Tinker v. Colwell*, 193 U.S. 473, 485-86 (1904)).

Furthermore, "to establish that a lawful act was done with malice and without justification, the Plaintiff must demonstrate, with specificity, affirmative acts by Lewiston that corroborate the improper motive of the interference."[42] Most important to the present case, "where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference."[43]

Plaintiffs have not established that any injury has been suffered by any Plaintiff. Plaintiffs have not established that the alleged injury was either willful or malicious. At no point in the Complaint have Plaintiffs established or pled that any action of Lewiston was done with the actual intent to cause an injury. Plaintiffs have proffered no facts that Lewiston possessed the requisite intent for any resulting damages to be found nondischargeable for willful and malicious injury.

Furthermore, none of Lewiston's' alleged acts were malicious in nature. Plaintiffs have also failed to demonstrate what acts, if any, were done by Defendant with malicious intent. Accordingly, Plaintiffs have failed to plead a cognizable claim and summary judgment must be granted in favor of Lewiston.

### C. Conclusion with Respect to Failure to State a Claim

Plaintiffs' fishing expedition must be brought to an end by this Court, at this time, by way of entry of an order granting summary judgment in favor of Lewiston.

**Plaintiffs have not pled any specific facts and have failed to meet the heightened pleading standards for a complaint brought under 11 U.S.C. §§ 523(a)(2), (4), or (6).** Plaintiffs have not, and cannot, identify with particularity a single actual injury suffered by any particular

---

[41] *Id.* (quoting *Qui v. Zhou (In re Zhou)* 331 B.R. 274, 277 (Bankr. E.D. Mich. 2005)).
[42] *BPS Clinical Labs. v. Blue Cross & Blue Shield*, 217 Mich. App. 687, 699 (Mich. Ct. App. 1996)
[43] *Id.*

Plaintiff, and they certainly cannot and have not, demonstrated or even pled, why any such injury should result in a non-dischargeable debt owed by Lewiston to the Plaintiffs.

Plaintiffs have failed to state a claim upon which relief can be granted; and therefore, there exists no genuine issue of material fact that Lewiston is entitled to summary judgment in his favor.

## III. STATUTE OF LIMITATIONS

### Law

Section 523 does not contain an internal statute of limitation. It is well-established that where the Bankruptcy Code is silent and no uniform bankruptcy law is required, non-bankruptcy law governs the rights of the parties.[44] State statutes of limitation apply in § 523 proceedings.[45]

According to an unbroken line of cases, the limitations period for fraud and misrepresentation is six (6) years, pursuant to Michigan's residual statute of limitations for "all other" actions, MCL 600.5813.[46]

Under MCL 600.5807(8), the "period of limitations is 6 years for all...actions to recover damages or sums due for breach of contract."

MCL 600.5805(10) provides a three (3) year limitations period for actions involving "injury to a person or property."

"[C]onversion is a wrongful act of dominion over another person's property ... and as

---

[44] *State Farm Mut. Auto. Ins. Co. v. Mahlman*, 136 B.R. 723, 725 (Bankr. S.D. Ohio 1992), referencing *Butner v. U.S.*, 440 U.S. 48, 55, 59 L. Ed. 2d 136 , 99 S. Ct. 914 (1979) (property interests created, defined and analyzed under state law in bankruptcy proceeding).

[45] *State Farm Mut. Auto. Ins. Co. v. Mahlman*, 136 B.R. 723, 725 (Bankr. S.D. Ohio 1992), referencing *In re McKay*, 110 Bankr. 764, 767 (Bankr. W.D. Pa. 1990) (applying Pennsylvania statute of limitations law); *In re Pascucci*, 90 Bankr. 438, 442 (Bankr. C.D. Cal. 1988) (applying California statute of limitations law).

[46] E.g., *Boyle v Gen Motors Corp*, 468 Mich 226 (2003); *Sweet v Shreve*, 262 Mich 432,435 (1933); *Adams v Adams*, 276 Mich App 704, 710 (2007); *Kuebler v Equitable Life Assurance Society of the United States*, 219 Mich App 1 (1996); *Agristor Financial Corp v Van Sickle*, 967 F2d 233,236 (CA 6, 1992).

such it constitutes an injury to property governed by the three-year limitations period."[47]

A breach of fiduciary duty claim is governed by the residual tort limitations period which governs injury to property where conversion is the underlying claim. In *Prentis Family Foundation v. Barbara Ann Karmanos Cancer Center*, the court found that the plaintiff's claim for breach of fiduciary duty "was within, the purview of MCL 600.5805(10) and was subject to a three-year period of limitations."[48]

MCL 450.4515 provides that, "[a] member of a limited liability company may bring an action ... to establish that acts of the managers or members in control of the limited liability company are illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member." "An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has accrued or within 2 years after the member discovers or reasonably should have discovered the cause of action under this section, whichever occurs first."[49] Thus, in seeking to call into question the acts of Lewiston, to the extent he was a manager or member of a limited liability company, the Plaintiffs are subject to a three (3) year statute of limitations.

Traditionally in Michigan, "the right of a partner to have an accounting is cut off in six years."[50]

### Arguments

As discussed above, Plaintiffs have failed to identify or plead a single definitive fact in support of their allegations of fraud and misconduct; as such, Plaintiffs have failed to state a claim for relief. Through their intentional vagueness, Plaintiffs have, to this point, effectively

---

[47] *Tillman v. Great Lakes Truck Center, Inc.*, 277 Mich. App. 47, 49 (2007).
[48] *Prentis Family Foundation v. Barbara Ann Karmanos Cancer Center*, 266 Mich. App. 39,47 (2005).
[49] MCL 450.4515(e)
[50] *Drowse v. Gaynor*, 155 Mich. 38, 42 (1908).

avoided an analysis of the applicability of the various statutes of limitation.

To the extent that Plaintiffs make claims based upon fraud, or based upon breach of an agreement, Plaintiffs are limited by a six (6) years statute of limitations.

To the extent that Plaintiffs make claims based upon: (i) injury, (ii) conversion; (iii) breach of fiduciary duty; and/or (iv) Lewiston's management or membership in limited liability companies; Plaintiffs are limited by a three (3) year statute of limitations.

To the extent that Plaintiffs claim they are entitled to documents or accountings from any entity in which they were involved with Lewiston; Plaintiffs are subject to a three (3) year look back period.

## IV. CONCLUSION

For the reasons described above:

1. Plaintiffs are not the real parties in interest; therefore, Plaintiffs lack standing to assert the claims made in the Complaint.

2. Plaintiffs have failed to meet the requisite pleading standards; therefore, Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiffs are barred by the applicable statutes of limitation.

**WHEREFORE**, Lewiston respectfully requests this Honorable Court enter the proposed Order Granting Summary Judgment, and order any additional relief which the Court deems appropriate.

*Signature on following page*

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
Counsel for Defendant
26100 American Drive, Suite 500
Southfield, MI 48034
**telephone**: 248.354.7906 x2240
**facsimile**: 248.354.7907
**email**: pfoley@sbplclaw.com

**dated**: July 18, 2013

# Exhibit

# 4

Certificate of Service

In the Matter of:

RICHARD M. LEWISTON

                Debtor,

Bankruptcy Case No. 12-58599
Hon. Philip J. Shefferly
Chapter 7

---

APARTMENTS AT CAMBRIDGE COMPANY, L.L.C.,
MICKEY SHAPIRO TRUST, ASA SHAPIRO
DECLARATION OF TRUST, ILA I, L.L.C., ILA II, L.L.C.,
APTCAM L.L.C., and CAMAPT, L.L.C.

                Plaintiffs,

v.

RICHARD M. LEWISTON,

                Defendant.

Adv. Pro. No. 12-06003
Hon. Philip J. Shefferly

---

## CERTIFICATE OF SERVICE

Patrick A. Foley hereby certifies that on **July 18, 2013** the Motion for Summary Judgment, including the proposed Order Granting Summary Judgment, the Notice of Motion and Opportunity to Respond, the Brief in Support, and this Certificate of Service, were filed with the Court, and served upon the following parties either electronically via the CM/ECF (PACER) System, or via United States Postal Service First Class Mail:

Office of the United States Trustee

| | |
|---|---|
| Wallace M. Handler | whandler@swappc.com, tgreen@swappc.com |
| Daniel E. Harold | dharold@morganrothlaw.com, dspasovski@morganrothlaw.com |
| Anthony J. Kochis | akochis@wolfsonbolton.com, stravis@wolfsonbolton.com, hkrstich@wolfsonbolton.com |
| Scott A. Wolfson | swolfson@wolfsonbolton.com, stravis@wolfsonbolton.com, hkrstich@wolfsonbolton.com |

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
Counsel for Lewiston
26100 American Drive, Suite 500
Southfield, MI 48034
telephone: 248.354.7906
facsimile: 248.354.7907
email: pfoley@sbplclaw.com

Dated: July 18, 2013