In re:

RICHARD MARTIN LEWISTON

    Debtor

Case No. 12-58599-pjs
Chapter 7
Hon. Phillip J. Shefferly

_____/

APARTMENTS AT CAMBRIDGE COMPANY, L.L.C., MICKEY SHAPIRO TRUST, ASA SHAPIRO DECLARATION OF TRUST, ILA I, L.L.C., ILA II, L.L.C., APTCAM, L.L.C. and CAMAPT, L.L.C.,

    Plaintiffs,

vs.

Adv. Proc. No. 12-06003

RICHARD MARTIN LEWISTON,

    Defendant,

and

GENE R. KOHUT, Chapter 7 Trustee for the
Bankruptcy Estate of Richard Martin Lewiston,

    Nominal Defendant.

_____/

### CHAPTER 7 TRUSTEE'S REPLY BRIEF IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO DISMISS PLAINTIFFS APTCAM, L.L.C. AND CAMAPT, L.L.C. FOR LACK OF STANDING

Nominal Defendant Gene R. Kohut, Chapter 7 Trustee ("Trustee"), through counsel, Wolfson Bolton PLLC, for his Reply Brief in Support of Chapter 7 Trustee's Motion to Dismiss Plaintiffs APTCAM, L.L.C. and CAMAPT, L.L.C. for Lack of Standing[1] [Docket No. 73], states:

**I.  INTRODUCTION**

A motion to dismiss for lack of standing requires a court to read a complaint in the light most favorable to the non-moving party; it does not require the court to discern claims that *could have been* pled.

---

[1] Capitalized terms used but not defined have the meanings given them in the Motion.

Plaintiffs' 11 U.S.C. § 523 action against Lewiston should be dismissed because Plaintiffs APTCAM, L.L.C. ("APTCAM") and CAMAPT, L.L.C. ("CAMAPT") do not hold a debt or claim against Lewiston. Plaintiffs allege that Lewiston improperly diverted funds from Apartments at Cambridge Company, L.L.C. ("AAC") – a company in which APTCAM and CAMAPT are alleged interest holders. Plaintiffs do not allege facts supporting a conclusion that they were injured individually. APTCAM and CAMAPT are not entitled to directly recover the damages they allege Lewiston caused AAC. Therefore, Plaintiffs should be dismissed from this suit under Fed. R. Civ. P. 12(b)(1) for lack of constitutional and prudential standing.

## II. DISCUSSION

### A. APTCAM and CAMAPT allege Lewiston improperly diverted funds from AAC; Plaintiffs sustained a loss, if any, only indirectly as interest holders in AAC.

APTCAM and CAMAPT allege that they have set forth direct claims for damages against Lewiston. (Response, p. 11 of 15). However, these arguments belie the allegations of Plaintiffs' Complaint.

Throughout the Complaint, APTCAM and CAMAPT allege Lewiston improperly diverted funds from AAC.[2] For instance, Plaintiffs claim that the intercompany loans detailed in AAC's tax returns and K-1 forms "were the funds that Lewiston diverted for his or his family's own benefit" (Complaint, ¶ 33(B)), that "in managing the day-to-day operations of Apartments at Cambridge, Lewiston diverted as much as 50% . . . of the company's gross revenue to himself" (Complaint, ¶ 33(D)), that "Lewiston failed to disclose . . . his diversion of funds from the companies in which Plaintiffs maintain ownership interests with Lewiston" (Complaint, ¶ 34), that Lewiston circumvented "Plaintiffs out of distributions and other funds pertaining to their

---

[2] Plaintiffs rely on numerous exhibits to support their claims, but these exhibits were not attached to the Complaint. "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the **complaint**, and must construe the **complaint** in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (emphasis added).

{00018345.DOCX } 2

ownership interests in Apartments at Cambridge" (Complaint, ¶ 36), and that "Lewiston diverted more than $1 million" from the companies, which include AAC. (Complaint, ¶ 57).

The allegations of Lewiston's improper diversion of funds from AAC only continue. Indeed, the word "diverted" appears no less than seventeen times in the Complaint. APTCAM and CAMAPT's Response reiterates: "APTCAM's and CAMAPT's Proofs of Claim are based upon their personal damages **in connection with Lewiston's diversion of funds from Apartments at Cambridge**." (Response, p. 11 of 15) (emphasis added). These allegations may support the inference that AAC was injured by Lewiston's actions, but they do not support the inference that APTCAM and CAMAPT, as interest holders in the company, are owed a debt by Lewiston. Therefore, Plaintiffs APTCAM and CAMAPT should be dismissed for lack of constitutional and prudential standing.

### B. Plaintiffs have not pled shareholder oppression.

In response to the Trustee's argument that APTCAM and CAMAPT lack standing to prosecute their 11 U.S.C. § 523 claims against Lewiston, APTCAM and CAMPT argue that MCL § 450.4515 confers standing upon them. This argument again ignores the allegations of Plaintiff's Complaint, which does not mention shareholder oppression under MCL § 450.4515.

Plaintiffs contend that a member of a limited liability company may sue other members for willfully oppressive and unfair conduct under MCL § 450.4515. This may be true, but it is irrelevant to the Motion. A limited liability company is a legal entity distinct from its members, and Plaintiffs have not alleged direct harm. The existence of MCL § 450.4515 – and any other unpled statutes – does not change this fact.

Further, this is an 11 U.S.C. § 523 action, not a MCL § 450.4515 action. Under § 523(c)(1), a debtor will be discharged from his/her debts unless, "on request of the creditor to whom such debt is owed . . . the court determines such debt to be excepted from discharge." APTCAM and CAMAPT are not creditors within the meaning of § 523 because they allege

Lewiston directly injured AAC. Plaintiffs suffered a loss, if any, only indirectly as interest holders of the company.

### C. The alter ego doctrine does not apply.

Plaintiffs claim that Lewiston ran the companies he managed as his alter egos, but the doctrine does not apply. Controlling law is clear: "The general rule is that the corporate veil is pierced only for the benefit of third parties, and **never for the benefit of the corporation or its stockholders**." *Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Prods.)*, 102 F.3d 223, 227 (6th Cir. 1996) (emphasis added).

Lewiston, APTCAM, and CAMAPT are all alleged interest holders in AAC. APTCAM and CAMAPT allege Lewiston ran AAC as his alter ego and improperly diverted funds from the company. In effect, Plaintiffs claim Lewiston diverted funds from himself. This argument is axiomatic – "one cannot commit a fraud or wrong against oneself." *Spartan Tube & Steel, Inc.*, 102 F.3d at 226. The alter ego doctrine fastens liability on one who uses a corporation to commit wrongs on third parties dealing with the corporation, not on one who allegedly commits wrongs against the corporation.

Plaintiffs cite *Wells v. Firestone Tire & Rubber Co.*, 421 N.W.2d 670 (Mich. 1984) – a reverse veil-piercing case – to support their claim that interest holders in a limited liability company may rely on the alter ego doctrine. This interpretation has been rejected by the Sixth Circuit: "**There is simply nothing in the cases to suggest that Michigan courts would allow an alter ego claim to be brought in other than third-party situations**." *Spartan Tube*, 102 F.3d at 226-27 (emphasis added). Therefore, the alter ego doctrine does not confer standing on Plaintiffs.

### III. CONCLUSION

Plaintiffs APTCAM and CAMAPT allege Lewiston improperly diverted funds from AAC, a Michigan limited liability company in which APTCAM and CAMAPT are alleged interest holders. In Michigan, a limited liability company is a distinct legal entity from its interest holders. Even

{00018345.DOCX }   4

taking the factual allegations in the Complaint as true, Plaintiffs' claim that they were injured individually is not supported. Therefore, Plaintiffs APTCAM and CAMAPT should be dismissed for lack of constitutional and prudential standing.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: September 23, 2013

By: /s/ Scott A. Wolfson
Scott A. Wolfson (P53194)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7103
Facsimile: (248) 247-7099
E-Mail: swolfson@wolfsonbolton.com